IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

DEC 26 2017

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

| | |
|---|---|
| Melinda L. Scott, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:17-cv-00050 |
| Judith M. Lyall, et al., | ) |
| Defendants. | ) |

**PLAINTIFF'S WRITTEN STATEMENT**

The Plaintiff, Melinda Scott, in response to the Honorable Judge Jones' order dated December 12, 2017 submits this written statement under oath. Because the Plaintiff participates in the Virginia ACP program she did not receive the Order dated December 12, 2017 until December 21, 2017. Incoming mail for the Plaintiff is routed to Richmond and then to her residence, causing a time delay. The Plaintiff put this written statement in the mail on December 22, 2017.

Judge Jones requested that the Plaintiff answer to the following:

1. Who told the Plaintiff she was required to pay the Appeal Bond:

On October 23, 2017 the Plaintiff first went to the Circuit Court Clerk's office to Appeal but then was told by the Clerk behind the desk that she had to go to the General District Clerks to file for an Appeal (within the Buchanan County Courthouse). The Plaintiff then went to the General District Clerk's office to appeal (to the Circuit Court). The Clerk had no name tag on and did not have a name placard posted. At this time the Plaintiff did not inquire about her name because I didn't foresee my rights being denied nor any need to ask her name.
At the General District Court's counter I asked for a copy of the Judge's ruling and was given a copy of the Warrant in Debt I filed with notations from the Judge at the bottom of it. The Judge wrote in pen that pursuant to Va Code §8.01-271.1 the Plaintiff will have to pay attorney's fees of $750 for filing a "frivolous lawsuit". The Judge's name was undecipherable by the signature. The Judge's name did not appear in print on the copy given to the Plaintiff. At this time, the Plaintiff did not think to ask his name because I wanted simply to Appeal the ruling.
The Clerks in the General District office did not have name placards hanging nor did they wear name tags. The Plaintiff did not yet think to ask their names because I was

focused on filing for an Appeal. I did not foresee at this point my rights being denied. The Clerks that the Plaintiff spoke with were two females between the ages of 35 and 55. One was brunette and the other blonde. The Plaintiff can recognize their faces but does not know their names. Their photos are not available online on the official website. The other Clerks that were involved were the Circuit Court Clerks. The Clerks in the General District Court stated that I should wait in their waiting area and that they would walk the Plaintiff's petition to proceed *in forma pauperis* to the Circuit Court. I was not told that I should speak with the Circuit Court Judges or Clerks directly.

One of the clerks (whose name I do not know and whose photo I cannot access anywhere online) from the General District Court came back and told me that a Judge (of whom she did not give me the name) in the Circuit Court granted my petition to proceed *in forma pauperis* and waive the $100+ appeal fee, but that I had to pay an Appeal Bond, pursuant to the General District Court Judge's Order/ruling. Another Clerk (whose name I do not know and cannot access anywhere online with a matching photo) then came up to assist as well. The Clerks stood shoulder to shoulder together. One stated the Appeal Bond would be $750.00 but that if she won the Appeal the Bond would be returned to her. The Plaintiff protested to the Clerks that I did not have that kind of money. One of the clerks responded that I had thirty (30) days to come up with the money. The Plaintiff responded that I could not come up with that sum of money within thirty (30) days. The Plaintiff then requested to speak with the Judge directly regarding the Appeal Bond.

The Plaintiff was told by one of the clerks to sit in the General District Courtroom and wait. I was then called up to the Judges' bench. The Judge (whose name the Plaintiff does not know, and of whom there is no corresponding photo on the official website) stated that he had made his ruling and that it was final. He also stated that the Plaintiff would have to post an Appeal Bond of Attorney's fees. The Plaintiff (myself) stated in reply a question: "How can someone pay that if they are proceeding *in forma pauperis?*" The Judge did not reply but stared at the Plaintiff in silence. Afterward, the Plaintiff spoke up again and stated "this is not a frivolous lawsuit". After the Plaintiff spoke the last statement, a Bailiff came up to the left side of the Plaintiff's shoulder and said "ok, it's time to leave". The Plaintiff did not have time to look again for a name placard because of the intimidating demeanor of the Bailiff. I turned around immediately and left the Courthouse to prevent being incarcerated. During this exchange the Judge acknowledged being the one who did the ruling. It was a male Judge between the ages of 35 and 55. The Plaintiff could recognize his photo if she had access to photos of the Judges. His signature is on the ruling but his name would have to be deciphered by someone who could recognize his signature. There were a lot of hands in the pot giving the Plaintiff answers.

One additional person was also responsible for telling the Plaintiff she would have had to pay an Appeal Bond. The Attorney for the Defendant sent the Plaintiff a letter dated November 16, 2017 which stated that "the Appeal Bond would have been $998.45". The attorney may likely not have been aware that the Plaintiff was proceeding *in forma pauperis*. However, the Attorney also stated in the letter that "according to the records in the Buchanan County General District Court the matter is now closed" because "you failed to perfect your appeal, within 10 days". Oddly enough, Virginia Code §16.1-107 states that "*Such bond shall be posted within 30 days from the date of judgment, except for an appeal from the judgment of a general district court on an unlawful detainer*

*pursuant to §8.01-129*" (emphasis added). The date of judgment for the hearing was October 23, 2017 and the matter was not regarding an unlawful detainer. Although the Defendant's attorney stated a different amount than the Clerks, thirty (30) days had not yet lapsed as of November 16, 2017. Yet the Defendant's attorney was telling the Plaintiff that she would have had to pay the Appeal Bond within ten (10) days or else forfeit her rights to an Appeal, according to the records of the Buchanan County General District Court.

2. The reason given for why she would have to pay the attorney's fees:

The reason stated to the Plaintiff by the Clerks she spoke with in the General District Court was that it was the Judge's ruling. The General District Judge stated the same: that it was his ruling and that it was final.

3. What she did in response:

While standing at the Clerks' window, the Plaintiff protested to the Clerks that she did not have enough money to pay the $750 Appeal Bond. The Clerks responded that she had thirty (30) days to come up with the money. The Plaintiff responded that she could not come up with that sum of money within thirty (30) days. The Plaintiff then requested to speak with the Judge directly regarding the Appeal Bond.
The Plaintiff was told to then sit in the Courtroom and wait. She was called up to the Judges' bench within about five (5) minutes. The Judge stated that he had made his ruling and if the Plaintiff wanted to appeal she would have to pay the attorney's fees of $750.00. The Plaintiff stated in reply a question to the Judge: "How can someone pay that if they are proceeding *in forma pauperis?*" The Judge did not reply but stared at the Plaintiff in silence. Knowing that the Judge had ruled for an award of attorney's fees to the Defendant because of his notations stating that it was ruled upon pursuant to Va Code §8.01-271.1, the Plaintiff spoke up again and stated "this is not a frivolous lawsuit". After the Plaintiff spoke the last statement, a Bailiff came up to the left side of the Plaintiff's shoulder and said "ok, it's time to leave". The Plaintiff turned around immediately and left the Courthouse. After reflecting on the situation for a few days, the Plaintiff then filed for an injunction through the Western District Court of Virginia.

*(signature)*
Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, Virginia 23218
540-692-2342
mscottw@gmu.edu

# JUSTICE LAW OFFICE, P.C.

*Attorneys at Law*

P.C. JUSTICE, JR.

R.J. THORNBURY
*Licensed in VA & KY*

P.O. Box 1068 • Grundy, Virginia 24614
Telephone: (276) 935-7937
Facsimile: (276) 935-2269
November 16, 2017

JANICE L. D[...]

NICHOLAS B. COMP[...]

Ms. Melinda Scott

Re: *Melinda E. Scott vs. Appalachian Rental Solutions*
Case No.: GV17-000781
Our File No.: 37919

Dear Ms. Scott:

Please be advised that, according to the records in the Buchanan County General District Court, this matter is closed due to your failure to perfect the motion to rehear or the appeal. No fee is charged for a motion to rehear; the appeal bond would have been $998.45. Since you failed to perfect your appeal, within 10 days, and you failed to file a motion to rehear, within 21 days, pursuant to Rule 1:1, of the hearing, all matters in this case have been concluded.

This case is now closed and the amount of $750.00 is owed to Justice Law Office, P.C., for attorney's fees. Kindly call this office and make arrangements to pay said amount.

With best regards, I remain

Very truly yours,

Nicholas Compton, Esq.

NC/pli

xc: Judy Lyall, Clerk Buchanan County General District Court
    Appalachian Rental Solutions

# WARRANT IN DEBT (CIVIL CLAIM FOR MONEY)
Commonwealth of Virginia    VA. CODE § 16.1-79

Buchanan County ........................................ General District Court
CITY OR COUNTY

1012 Walnut St. #328 Grundy, VA 24614
STREET ADDRESS OF COURT

DATE ISSUED: 9/26/17

TO ANY AUTHORIZED OFFICER: You are hereby commanded to summon the Defendant(s).

TO THE DEFENDANT(S): You are summoned to appear before this Court at the above address on 10/23/17 at 10:00 AM ........ to answer the Plaintiff(s)' civil claim (see below)

RETURN DATE AND TIME

.................... / ....................
CLERK / DEPUTY CLERK / MAGISTRATE

CLAIM: Plaintiff(s) claim that Defendant(s) owe Plaintiff(s) a debt in the sum of
$ 998.45 .... net of any credits, with interest at .... 3 .... % from date of .................. until paid,
$ .................... costs and $ .................... attorney's fees with the basis of this claim being

☐ Open Account  ☑ Contract  ☐ Note  ☐ Other (EXPLAIN)
Breach of contract
Damages for Breach of Contract
HOMESTEAD EXEMPTION WAIVED?  ☑ YES  ☐ NO  ☐ cannot be demanded

9/28/17  ................................
DATE    ☑ PLAINTIFF  ☐ PLAINTIFF'S ATTORNEY  ☐ PLAINTIFF'S EMPLOYEE/AGENT

## CASE DISPOSITION
JUDGMENT against ☐ named Defendant(s) ☐ ........................................
for $ .......... net of any credits, with interest at .......... % from date
of .................. until paid; $ .................. costs and $ .................. attorney's fees
HOMESTEAD EXEMPTION WAIVED?  ☐ YES  ☐ NO  ☐ CANNOT BE DEMANDED
☐ JUDGMENT FOR  ☐ NAMED DEFENDANT(S) ☐
☐ NON-SUIT  ☐ DISMISSED
Defendant(s) Present?  ☐ YES  ☐ NO

.................... / ....................
DATE / JUDGE

FORM DC-412X FRONT REVISED 07/04 (AJ 44045 6/14)

---

CASE NO. .................... 

Scott, Melinda L.
PLAINTIFF(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)

HEARING
AND ....

10/23

If you fail to appear, judgment may be entered against you. See the additional notice on the reverse about requesting a change of trial location.
☐ To dispute this claim, you must appear on the return date to try this case.
☐ To dispute this claim, you must appear on the return date for the judge to set another date for trial.

Bill of Particulars .................... ORDERED .................... DUE
Grounds of Defense .................... ORDERED .................... DUE
ATTORNEY FOR PLAINTIFF(S) ....................
ATTORNEY FOR DEFENDANT(S) ....................

JUDGMEN[T]
SATI[SFIED]
PURSU[ANT]
ATTACHE[D]
SATISF[IED]

DISA[BILITY]
ACCOMM[ODATION]
for loss of
vision, m[obility]
contact the
of