# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **MELINDA SCOTT,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:17CV00050 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JUDITH M. LYALL, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Melinda Scott, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, has filed this action alleging civil rights violations. For the reasons that follow, I will dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.

I.

The plaintiff, Melinda Scott, filed this action claiming that her constitutional rights were violated by Virginia court officials when she was not allowed an appeal because of her financial inability to give an appeal bond. Scott previously filed a motion seeking leave to proceed in this case in forma pauperis pursuant to 28 U.S.C. § 1915(a). On the basis of the information set forth in Scott's affidavit, I granted that motion. Because Scott filed her Complaint in forma pauperis, I will address it sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Cochran v.*

*Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (stating that sua sponte dismissals are "freely permitted" under § 1915) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A district court shall dismiss a case filed in forma pauperis at any time if the court determines that the action is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A pro se complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, even under this less stringent standard, the pro se complaint is subject to sua sponte dismissal when it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal is proper only when the court accepts as true the substance of a plaintiff's allegations.

II.

According to her Complaint, Scott filed a pro se suit against her landlord for breach of contract in the General District Court for Buchanan County, Virginia. She was late arriving in court and missed the scheduled bench trial. In her absence, the state judge ruled against her and awarded the opposing party

attorneys' fees of $750. Scott's Complaint alleges that she was improperly denied the ability to appeal this judgment against her without giving an appeal bond, in violation of Virginia Code Ann. § 16.1-107 (2017 Supp.). This state statute provides that no appeal from a general district court to the local circuit court shall be allowed unless a bond with sufficient surety is given in the amount of the judgment. However, the statute also provides that "[n]o indigent person shall be required to post an appeal bond." *Id.*; *see also* Va. Code Ann. § 8.01-676.1(N) (2017 Supp.) (providing that "[n]o person who is an indigent shall be required to post security for an appeal bond").

In her Complaint, Scott states that when she requested to appeal as an indigent person, she was told that although she qualified for a waiver of any appeal fees, she nevertheless had to give an appeal bond to cover the $750 judgment against her. She seeks an injunction "against the clerks and Judges of the Buchanan County General District Court to grant me an appeal to their Circuit Court without paying an appeal bond of any kind." Compl. 6, ECF No. 1.

While Scott sues all of the several clerks and judges of the two courts involved, she fails to identify the actual individuals who she claims violated her constitutional rights. She identifies two "clerks" and a "judge" in her Complaint, but cannot provide the names of those individuals. I previously directed Scott to file a written statement setting forth, among other things, the individuals who told

her she was required to give an appeal bond as a condition of an appeal. Scott filed a written response, but still failed to identify the officials who told her she must give an appeal bond. While she gives some excuses why she doesn't have this information, I find that the names of public officials with whom she had contact could have been obtained with further effort on her part. She cannot expect this court to fill in the essential information for her case.

III.

For the foregoing reasons, I will dismiss the Complaint for failure to state a claim.[1]

DATED: January 8, 2018

/s/ James P. Jones
United States District Judge

---

[1] Because Scott was given an opportunity to correct the deficiencies in her Complaint, I will dismiss her case with prejudice. *See Grandison v. Va. Dep't of Corr.*, No. 94-6254, 1994 WL 202485, at *1 (4th Cir. May 24, 1994) (unpublished). In any event, there are other issues with her case. Pursuant to the *Rooker-Feldman* doctrine, lower federal courts do not have the power to review state-court decisions. *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923). This doctrine precludes jurisdiction over cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Scott could have filed a mandamus action in the state circuit court seeking an order directing that her appeal be permitted. *See Elyazidi v. Barr*, No. CL-2015-769, 2015 WL 12591211 (Va. Cir. Ct. Aug 6, 2015) (considering petition for writ of mandamus seeking to review action of general district court denying request to waive appeal bond on indigency grounds).